IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 22-154 |
| | : | |
| DAJAVAN SPEAKS | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                            **May 6, 2024**

    Dajavan Speaks asks we reconsider our March 28, 2024 Order denying his motion to reduce his sentence for being a felon in possession of a firearm. He argues today, as he did in his counseled motion, our application of the felon in possession statute is unconstitutional on its face and as applied to him because he needed to carry this gun (even when pursued by the police) as self-defense to generally protect himself on Philadelphia streets. We studied his arguments and found no basis to reduce his sentence. He now returns with the same arguments but highlighting points he suspects we may have overlooked. We carefully considered all of Mr. Speaks's arguments presented in briefing and extended oral argument. We find no basis to reconsider.

    **I.**    **Analysis**

    A Philadelphia jury convicted Dajavan Speaks under 18 PA. CONS. STAT. § 6108 for carrying a firearm in Philadelphia. This conviction precluded him from carrying a firearm consistent with Congress's prohibition in section 922(g) of firearm possession by a person earlier convicted of a crime punishable by imprisonment for a term exceeding one year.[1] Officers later arrested Mr. Speaks for unlawful possession of a firearm based on his earlier conviction and because he did not have a valid permit to carry the gun.[2] Mr. Speaks pleaded guilty to one count of felon in possession of a firearm before Judge Robreno on August 16, 2022.[3]

Mr. Speaks sought habeas relief arguing Congress criminalizing his post-conviction possession of a gun is unconstitutional on its face and as applied to him because he needed to carry this gun (even when pursued by the police) as self-defense to generally protect himself on Philadelphia streets. We denied Mr. Speaks's counseled petition on March 28, 2024 following extensive briefing and oral argument.[4] We found our Nation's historical traditions confirmed in Pennsylvania laws amply support the constitutionality of the federal law on its face and as applied to Mr. Speaks's sentence.

He now asks we reconsider arguing (1) we relied on a historical analogue which our Court of Appeals rejected in *Range*, and (2) our decision as to the facial constitutionality of section 922(g)(1) rests on an incorrect summary of counsel's statements at oral argument. Mr. Speaks asks we grant a certificate of appealability if we do not grant reconsideration. We deny his Motion as he offers no basis for reconsideration.

We may alter or amend a judgment only where the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.[5] "A motion to reconsider judgment is not a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant."[6] Such motions are sparingly granted "because courts have a strong interest in the finality of judgments."[7]

A. **The United States met the burden of providing historical analogues.**

Mr. Speaks argues we erred in finding section 922(g)(1) constitutional based on eighteenth century legislation disarming British loyalists because our Court of Appeals in *Range* concluded

these statutes are not proper historical analogues. Mr. Speaks misunderstands our analysis and improperly attempts to relitigate his motion to vacate.

Mr. Speaks argues we did not identify a proper historical analogue in support of disarming Mr. Speaks. Mr. Speaks contends we improperly relied on loyalist disarmament statutes rejected by our Court of Appeals in *Range*.[8] We remind Mr. Speaks our Court of Appeals found loyalist disarmament statutes to be improper historical analogues for disarming *Mr. Range*, not Mr. Speaks. As we explained, Mr. Speaks is not like Mr. Range because Mr. Speaks's earlier firearm conviction demonstrates he cannot be trusted to obey firearm regulations. Our Court of Appeals emphasized the narrowness of its decision in *Range* as limited to the constitutionality of the statute as applied to Mr. Range's unique circumstances.[9] Mr. Speaks improperly relies on this narrow decision to argue a broader point we already heard, addressed, and found not persuasive. This is not a proper basis for reconsideration.

Mr. Speaks's arguments, even if correct, would not change the outcome. We did not rely exclusively on loyal disarmament statutes in finding the United States carried its burden. We found the United States carried its burden based on the great weight of authority in our District, including decisions by our colleagues Chief Judge Goldberg and Judge Pappert.[10] These decisions illustrate the longstanding history of laws restricting the possession of firearms by persons who, like Mr. Speaks, previously committed dangerous felonies. The loyalist disarmament statute is just one piece of the puzzle.

**B.    We did not rely on counsel's statement in holding section 922(g)(1) unconstitutional.**

Mr. Speaks asks us to reconsider our finding section 922(g)(1) is facially unconstitutional, or alternatively, strike the reference to his counsel's statement arguing we misunderstood his counsel's argument.[11] He cites our exchange at oral argument:

3

>THE COURT: So any of those cases would be a constitutional application of 922(g)(1). Nobody's challenged those. Nobody's taking them on appeal. So right now, the law in this district is they're a constitutional application of 922(g)(1).
>
>MR. ANGELL: That's correct. That's what I'm saying, and I'm pointing out --
>
>THE COURT: Yeah. My point is that makes your argument about facially unconstitutional not apply. Because facially unconstitutional, you cannot think of a situation where it would be facially constitutional. I mean, that's the law in the Supreme Court.
>
>MR. ANGELL: My point is that Mr. Speaks is different from these Defendants. And that is a reason why the Court --
>
>THE COURT: Got it.
>
>MR. ANGELL: -- can honor his claim that was put on the record at sentencing that he was carrying, not using, carrying a gun in self-defense.[12]

Mr. Speaks argues we mistakenly summarized Mr. Speaks's counsel's argument as agreeing the decisions of other judges in the district involved constitutional applications of section 922(g)(1) when we stated the following in the Memorandum denying relief: "[w]hen asked directly whether these other cases involved constitutional applications of the felon in possession statute, Mr. Speaks's counsel responded, 'That's correct.'"[13]

Mr. Speaks's counsel's statements at oral argument did not materially affect our decision as to the facial constitutionality of section 922(g)(1). Our finding section 922(g)(1) is constitutional as applied to Mr. Speaks forecloses Mr. Speaks's facial challenge to the statute because Mr. Speaks cannot show section 922(g)(1) is unconstitutional in *all* circumstances if there is at least one circumstance (his own) in which the statute is constitutionally applied. Our holding does not change even if we credit Mr. Speaks's argument.

### C. We properly denied a certificate of appealability.

Mr. Speaks asks we reconsider denying a certificate of appealability arguing our resolution of his claims is "debatable" based on out-of-district judges' decisions finding section 922(g)(1)

4

unconstitutional.[14] "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[15]

We still disagree with Mr. Speaks. Mr. Speaks offers no new argument for why we should reconsider our holding last month reasonable jurists could not disagree with our analysis. We find no basis to reconsider our denial of a certificate of appealability.

**II.     Conclusion**

Mr. Speaks does not seek reconsideration based on an intervening change in controlling law or the availability of new evidence. Mr. Speaks asks us to alter or amend the judgment because our reasoning rests on errors of law and an incorrect summary of his counsel's statements at oral argument. He asks we grant a certificate of appealability. We are not persuaded by his arguments.

We deny Mr. Speaks's Motion to alter or amend judgment as he offers no basis for reconsideration. We decline to grant a certificate of appealability.

---

[1] 18 U.S.C. § 922(g)(1).

[2] Presentence Investigation Report ¶ 13 (Nov. 7, 2022).

[3] ECF No. 15.

[4] ECF Nos. 64–65.

[5] *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

[6] *Parks v. Woodbridge Golf Club, Inc.*, No. 11-562, 2017 WL 1133949, at *1 (E.D. Pa. Mar. 27, 2017) (citation and quotations omitted).

[7] *Whitsitt v. Comcast-Spectacor, L.P.*, No. 11-7842, 2014 WL 3732131, *8 (E.D. Pa. July 28, 2014) (quoting *Douris v. Schweiker*, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002)).

[8] *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 103–06 (3d Cir. 2023).

[9] *Id.* at 106.

---

[10] *United States v. Allen*, No. 22-456, 2023 WL 8701295 (E.D. Pa. Dec. 15, 2023); *United States v. Johnson*, No. 23-77, 2023 WL 6321767 (E.D. Pa. Sept. 27, 2023).

[11] ECF No. 69 at 3–6.

[12] ECF No. 60 at 63–64.

[13] ECF No. 64 at 21.

[14] ECF No. 69 at 6.

[15] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).